UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD W. RICHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1623-JDT-TAB |
| ) | |
| ) | |
| CORPORATE FINANCE ASSOCIATES, ) | |
| LLC and CHARLES A. SPILLMAN, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO DISMISS (DOC. NO. 14)**[1]

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. While the motion seeks dismissal of the entire Complaint, it is clear that Defendants challenge only the Third Claim. Specifically, they contend that the Complaint's allegations of fraudulent conveyances fail to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) because they are based on information and belief and not pled with particularity. Plaintiff opposes the motion which is now fully briefed.

*I. Background*

The Third Claim first incorporates by reference the previous paragraphs of the Complaint. It further alleges: Commencing with May 16, 2002, Corporate Finance

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Associates ("CFA") failed to pay Richter the commission due him under the Employment Agreement and the Addendum Agreement, and at all times thereafter, CFA has been indebted to Richter in an amount not less than $124,427.85.  (Compl. ¶ 37.)  Commencing with August 31, 2005, CFA has delayed issuing and timely paying Richter his monthly salary payments due, and commencing in July 2006, CFA has delayed issuing and timely paying Richter his monthly car lease expense reimbursement.  (*Id.* ¶¶ 38, 39.)

The Third Claim further alleges, on information and belief, that whenever CFA received a substantial payment, CFA would make a substantial payment to Spillman and not pay Richter all payments due, and Spillman did not provide any current consideration to or for the benefit of CFA in connection with the payments.  (*Id.* ¶¶ 40, 41.)  Also, on information and belief, during August or September 2005, CFA completed the largest transaction with which it has ever been involved and received a substantial fee in connection thereto.  (*Id.* ¶¶ 42-43.)  It is alleged on information and belief, that upon receiving this fee and while CFA had substantial past due obligations to Richter, CFA made a substantial payment to Spillman.  (*Id.* ¶ 44.)

On or about October 4, 2006, Spillman told Richter that he intended to make up to Richter the money he owed him, but CFA had had a period of low income since a period of high income in early 2005.  (*Id.* ¶ 45.)  Each payment made by CFA to Spillman at the times when CFA was not paying its outstanding obligations including the commission due Richter was a fraudulent transfer.  (*Id.* ¶ 46.)

*II. Discussion*

Federal Rule of Civil Procedure 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This is a heightened pleading requirement. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A complaint alleging fraud must provide the who, what, when, where, and how." *Id.*; *see also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (plaintiff must plead in detail "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff").

Rule 9(b)'s particularity requirement is not satisfied by allegations of fraud based on "information and belief," unless the facts are peculiarly within the adversary's knowledge. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992). In such a case, the allegations of fraud "must be accompanied by a statement of the facts upon which the belief is founded." *Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir. 1962); *see also Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992) ("allegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions").

Defendants contend that the allegations of fraudulent conveyances fail to comply with Rule 9(b). Plaintiff responds by first contending that the Defendants are in default with respect to the First Claim and Second Claim because their motion to dismiss addresses only the Third Claim and they did not file an Answer as to the former claims.

He cites no authority to support this contention.  The majority of decisions have concluded that a partial motion to dismiss tolls the time within which a defendant must answer with respect to the claims not challenged in the motion.  *See, e.g.*, *Oil Exp. Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997); *Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991).  This court agrees that the filing of the Defendants' motion to dismiss the Third Claim tolls the time to answer as to the First and Second Claims.

Plaintiff next asserts that Rule 9(b)'s particularity requirements are relaxed where the allegations of fraud are based on information under the exclusive control of the defendant.  That is correct.  He adds that the relaxation of the pleading requirement is especially appropriate where the plaintiff alleges fraud against a third party.  Here, however, Mr. Richter is not alleging fraud against a third party.  Plaintiff recognizes that allegations of fraud may be based on information and belief where the information is peculiarly within the defendant's knowledge, but he omits any reference to the rule that in such a case, a plaintiff must submit a statement of the facts upon which his belief is founded.  *See, e.g.*, *Uni\*Quality*, 974 F.2d at 924; *Duane*, 297 F.2d at 518; *accord Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (Rule 9(b)'s particularity requirement may be satisfied where the plaintiff cannot be expected to have personal knowledge of the facts constituting the fraud and "the allegations are accompanied by a statement of the facts upon which the belief is founded").

Even assuming that the matters relating to the transfers by CFA to Spillman were peculiarly within the Defendants' knowledge, Mr. Richter has not provided a statement

4

of the facts upon which his belief of fraudulent conveyance is founded. He concedes this fact. (Pl.'s Mem. Law Submitted Opp'n Defs.' Mot. Dismiss 7 n.3 ("Richter concedes that the Complaint does not identify the basis of Richter's information and belief. . . ."). Plaintiff argues that the Indiana Fraudulent Transfer Act does not require him to prove scienter and thus suggests that the pleading requirements are relaxed here. However, satisfaction of the elements of a state law claim does not relieve a plaintiff from Rule 9(b)'s particularity requirement. *See, e.g.*, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1997) (considering whether plaintiff plead the circumstances surrounding an alleged fraudulent transfer under Illinois state law with sufficient particularity to satisfy Rule 9(b)); *Boyd Mach. & Repair Co. v. Am. Int'l Homes Ltd.*, 100 F. Supp. 2d 898, 900 (N.D. Ill. 2000) ("While plaintiffs correctly assert that they have satisfied the elements required for fraud under Illinois common law, they have not satisfied the heightened Rule 9(b) requirements of particularity.").

Plaintiff also contends that in arguing that his pleading is insufficient because it is based on information and belief, the Defendants ignore the incorporation by reference of paragraphs 1 through 35 of the Complaint. *General Electric Capital Corp.*, in which the court considered whether the plaintiff sufficiently pled the circumstances of constructive fraud supporting a fraudulent transfer claim under Illinois law, is instructive. The court began by noting that under Fed. R. Civ. P. 84 "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." 128 F.3d at 1079

(citing Fed. R. Civ. P. 84).  The court referred to Form 13, which provides an example of a complaint on a claim on a debt and to void a fraudulent conveyance.  The form requires:

> 1) an allegation of jurisdiction, 2) a statement of the date and the conditions under which the defendant executed a promissory note to the plaintiff, 3) a statement that the defendant owes the plaintiff the amount, 4) a description of the events surrounding the defendant's conveyance of all of his property to the transfer recipient for the purpose of defrauding and for delaying the collection of payment by the plaintiff, and 5) the plaintiff's demand of the court.

*Gen. Elec. Capital Corp.*, 128 F.3d at 1079-80.  The court concluded that GE Capital pled these elements with sufficient particularity.  *Id.* at 1080.  The court noted the following allegations which supported this conclusion:

> The promissory note and guaranties for the airplane were executed on December 23, 1991. *See* Complaint ¶¶ 8-10. Aero defaulted on its payments and GE Capital responded by replevying the airplane and obtaining a judgment against its guarantors (including Rental) for the remaining amount. *See id.* ¶¶ 12-13. Rental settled an unrelated class action on March 4, 1993. *See id.* ¶ 15. As part of the settlement, Rental "transferred, assigned and conveyed substantially all of its assets to LRC in exchange for a release of pending legal claims against Rental." *Id.* Rental allegedly did not receive from LRC or the limited partnerships any reasonably equivalent value that would be applied to the deficiency due GE Capital. *See id.* ¶ 37. This transfer rendered Rental insolvent and "effectively precluded Rental from meeting any deficiency obligation to GE Capital for the aircraft under Rental's guaranty." *Id.* ¶ 15. Finally, GE Capital asked the district court 1) to enter a judgment for the deficiency plus prejudgment interest and attorneys' fees, cost and expenses and 2) to declare the transfer of assets from Rental to LRC null and void to the extent of this judgment. *See id.* ¶ 43.

*Id.*

Here, Plaintiff's fraudulent conveyance claim alleges: (1) jurisdiction (Compl. ¶¶ 1-5), (2) a statement of the dates and the conditions under which CFA and Plaintiff entered into a written Employment Agreement and Addendum Agreement (*id.* ¶¶ 6-11, 24), and (3) a statement that CFA and Spillman owe Richter (*id.* ¶¶ 15-22, 25-35, 37-39, 45). Regarding the circumstances surrounding the alleged fraudulent conveyances, it is alleged based "upon information and belief," that (1) Spillman was and is the Managing Member of CFA and owner and/or nominee for the owners of not less than a majority of the ownership interests in CFA (Compl. ¶¶ 12-13), (2) whenever CFA received a substantial payment, CFA though obligated to pay Richter would make a substantial payment to Spillman while not paying Richter payments due (*id.* ¶ 40), (3) Spillman did not provide any current consideration of like value to or for the benefit of CFA (*id.* ¶ 41), (4) during August or September 2005, CFA completed the largest transaction in which it has ever been involved and received a substantial fee (*id.* ¶¶ 42-43),[2] (5) upon receiving the fee and while having substantial past due obligations to Richter, CFA made substantial payment to or for the benefit of Spillman without any consideration to CFA of like value (*id.* ¶ 44), and (6) each payment made by CFA to Spillman, to the extent it was in excess of the current consideration paid by Spillman, when CFA was not paying its outstanding obligations, was a fraudulent transfer (*id.* ¶ 46). Plaintiff is correct that the incorporated paragraphs sufficiently plead some of the essential elements of his claim. However, those paragraphs do not make any allegations regarding the events surrounding the alleged fraudulent conveyances. Those allegations are provided in

---

[2] The Complaint states "during August **of** September 2005" (emphasis added) which is believed to be a typographical error.

paragraphs 40-44, all of which are based "upon information and belief."[3]  As stated, Plaintiff offers no foundation for his belief that these conveyances were fraudulent. Therefore, even if the facts surrounding the allegedly fraudulent conveyances are peculiarly within the Defendants' knowledge, these allegations are insufficient under Rule 9(b).  *See, e.g.*, *Uni\*Quality*, 974 F.2d at 924; *Duane*, 297 F.2d at 518.

Moreover, other than the vague allegation that on receipt of a fee in connection with the largest transaction it ever completed in August or September 2005, CFA made a payment to Spillman, the allegations make no reference to the timing of the conveyances.  Even Plaintiff concedes that his allegations of fraudulent transfers are made "in general terms" as to the timing of the complained of transfers, the parties to the transfers, and reasons why the transfers are fraudulent within the meaning of the state statute.  (Pl.'s Mem. Law in Opp'n Defs.' Mot. Dismiss 7, 8.)  More particularity is required under Rule 9(b) than what has been pled thus far.

*III.  Conclusion*

For the foregoing reasons, the Motion to Dismiss (Doc. No. 14) is **GRANTED**. Plaintiff's Third Claim - Fraudulent Conveyances is **DISMISSED** for failure to plead fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b).  Plaintiff shall have through **May 7, 2007**, within which to file an amended complaint that cures the

---

[3]  Paragraph 46 is not based upon information and belief, but seems to be the basis for alleging Spillman's liability in the event CFA cannot satisfy a judgment in favor of Richter, rather than an independent allegation of fraudulent conveyance.  Even if viewed independently, this allegation does not plead fraud with sufficient particularity, particularly as to time.

deficiencies in this claim, provided he can do so consistent with the mandates of Fed. Rule Civ. P. 11.  The failure to file an amended pleading within the time allowed will result in the dismissal of this claim with prejudice.

If the Plaintiff files an amended complaint, the Defendants shall have the time allowed under Rule 12(a)(1) within which to file their responsive pleading.  If, however, the Plaintiff does **not** file an amended complaint on or before May 11, 2007, then the Defendants' responsive pleading shall be served **within ten days** after May 11.

ALL OF WHICH IS ENTERED this 19th day of April 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Adam D. Christensen
Lewis & Kappes
achristensen@lewis-kappes.com

David W. Gray
Lewis & Kappes
dgray@lewis-kappes.com

Gordon Locke
lockelaw@cyburban.com

Shane C. Mulholland
Burt, Blee, Dixon, Sutton & Bloom
mulholland@burtblee.com

Magistrate Judge Tim A. Baker